UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 44A TRUMP INTERNATIONAL, INC., | Civil Action No. 12-cv-2292 |
| Plaintiff, | (SDW) |
| v. | |
| INCNETWORKS INC. | **OPINION** |
| Defendant, | |
| and ERIC MAGNELLI, ESQ., *as escrow agent*. | February 6, 2014 |

**WIGENTON,** District Judge**.**

Before the Court is plaintiff 44A Trump International, Inc.'s ("Plaintiff" or "44A Trump") motion for summary judgment ("Motion") regarding its complaint against defendant IncNetworks INC. ("Defendant"). [1]

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2). Venue is proper in this District under 28 U.S.C. § 1391(b).

This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons set forth below, this Court **GRANTS** Plaintiff's Motion.

---

[1] Eric Magnelli, Esq., as escrow agent, is named as interested party in this matter.

1

**FACTUAL HISTORY**

On or about August 9, 2001, Plaintiff alleges it loaned Jesse R. Russell ("Russell") the sum of $560,000.00 ("Loan"). (Compl. ¶ 10.) The Loan had a maturity date of August 15, 2002. (*Id*. at ¶ 11.) On or about August 9, 2001, Russell executed a Loan Security Agreement. (*Id*. at ¶ 12; Compl. Ex. A.) Russell secured the Loan by pledging 560,000 shares of common stock owned by Russell and issued by the Defendant as collateral. (*Id*.) Russell failed to make any payments under the Loan Security Agreement and on or about July 24, 2007, Plaintiff commenced litigation, in federal court, against Russell for failure to make payments on the Loan. (Compl. Ex. B ¶ 1.)

To resolve the 2007 action, Plaintiff and Defendant entered into three agreements: (a) a Promissory Note ("Note") executed on or about November 1, 2009 with Defendant as Maker agreeing to pay Plaintiff the $560,000 in thirty consecutive monthly payments of $20,000 and interest running six percent per annum; (b) a Pledge Agreement executed on or about November 1, 2009 with Defendant as Issuer and Plaintiff as Pledgee, which secured Defendant's obligations under the Note (specifically that Defendant would purchase 560,000 shares of stock from Plaintiff) ("Pledged Stock"); and (c) an Escrow Agreement executed on or about November 1, 2009, where the Escrow Agent would hold the Pledge Agreement, Pledged Stock and other collateral in escrow ("Escrow Deposit"). (*See* Compl. ¶ 16; Compl. Ex. C-E.) The Note outlined that the principal and interest:

> [S]hall be due and payable on the first day of each month, commencing November 1, 2009, in thirty (30) equal consecutive monthly payments of principal and interest equal to $20,000, and the principal hereof, if not sooner paid as provided herein, together with all accrued and unpaid interest, shall be due and payable on May 1, 2012.

(Pl. Br. at 3; Compl. Ex. C, at 1.)

Defendant made initial payments through June 2, 2010, but failed to make any payment for July 2010. (Compl. ¶ 19; *See* Pl. Br. at 3.) Pursuant to the terms of the Note, Defendant had ten days from the date payment was due to cure its failure. (*See* Compl. Ex. C, at 1.) Defendant did not make the required payment by July 10, 2010. (Pl. Br. at 3.) According to the terms of the Note, in the event of a default, Plaintiff may declare the entire remaining principal, with accrued interest, immediately due. (*See* Compl. Ex. C, at 2.) In addition, the Note indicates that there is a default rate of 12% per annum. (Compl. ¶ 18; Compl. Ex. C, at 2.) As such, Plaintiff asserts the outstanding principal, together with accrued interest, was due as of, at least, July 12, 2010. (Compl. ¶ 20.) Defendant made certain post-default payments after July 10, 2010. (*See* Pl. Br. at 4.) However, there have been no payments made since December 16, 2010. (*Id*.) Plaintiff contends that as of August 1, 2013, Defendant owes $447,849.31, which is the total amount of the unpaid principal plus accrued interest. (*Id*. at 5.)

On April 17, 2012, Plaintiff filed the instant complaint with this Court seeking a money judgment including, but not limited to, $421,000 ("Complaint"). (Compl. ¶ 1.)

**LEGAL STANDARD**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the moving party meets the initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in a light most favorable to the nonmoving party. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991). The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. at 323.

**DISCUSSION**

Defendant argues that Plaintiff does not meet the standard for summary judgment because there are genuine issues of material fact in this case. (Defs'. Opp'n Br. at 2.) Specifically, Defendant questions the authenticity of Plaintiff's documents. (*Id.*) Defendant raises the question of whether Elmer Yuen ("Yuen"), acting as attorney-in-fact for Plaintiff, had the legal authority to bind Plaintiff to the documents. (*Id.*) Additionally, Defendant questions whether Yuen forged Hade Zhong's ("Zhong"), the owner of 44A Trump, "name on the Loan Security Agreement, Escrow Agreement or Pledge Agreement." (*Id.*)

In their opposition brief, for the first time, Defendant claims that the Note may have been forged, but offers no support for such a statement or affidavit. (Defs'. Opp'n Br. at 2.) Further,

at several points in Defendant's Responsive Statement of Material Facts in Opposition to Plaintiff's Motion ("Responsive Stat. in Opp'n"), Defendant makes the following statement:

> It is agreed that the Promissory Note contains the terms noted in Plaintiff's Statement of Material Facts Not in Dispute. However, Defendant's payments to 44A Trump are not what they purport to be, as it does not represent the true motivations of the parties involved at the time the agreement was signed.

(Responsive Stat. in Opp'n ¶¶ 7, 13.) Support for this conclusory statement is not provided. Defendant also repeatedly refers to the Note for $560,000 as an "investment" rather than a loan for 560,000 shares of common stock in IncNetworks. (Responsive Stat. in Opp'n ¶¶ 1-2.) Defendant claims that "Elmer Yuen invested $500K (of which $300K was his wife, Julia Zhao's money), Jesse Russell invested $60K, and that Yuen made the investments in the name of 44A Trump. (*Id*. at ¶ 1.)

Additionally, Defendant claims that even "[a]ssuming arguendo that the Court finds that there was an actual loan, 44A Trump is not entitled to $107,439.08 plus future interest, based on the terms of the alleged loan documents, which set the total amount of interest due when the plaintiff accelerated the alleged loan." (*Id*. at ¶14.) Below this Court addresses the arguments presented.

"Bare conclusions in the pleadings, without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment." *U. S. Pipe & Foundry Co. v. Am. Arbitration Ass'n*, 67 N.J. Super. 384, 399-400 (N.J. Super. Ct. App. Div. 1961) (citing *Gherardi v. Board of Ed. Of City of Trenton*, 53 N.J. Super. 349, 358 (N.J. Super. App. Div. 1958). Nor will "speculation and conjecture...defeat a motion for summary judgment." *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 228 (3d Cir. 2009). The non-movant "must point

to concrete evidence in the record." *Orsatti v. New Jersey State Police,* 71 F.3d 480, 484 (3d Cir. 1995).

In the instant matter, Defendant's mere allegations of possible forged signatures and invalid documents, which are raised for the first time in their opposition brief, are not sufficient to raise genuine issues of material fact that would preclude summary judgment. Despite Defendant's alleged reasons for entering the Note, the written terms of the Note, including the initial amount and payment expectations, were negotiated, agreed to and are evident.

Further, "[t]he interpretation or construction of a contract is generally a legal question, which is 'suitable for a decision on a motion for summary judgment.'" *Petersen v. Twp. of Raritan*, 418 N.J. Super. 125, 133 (N.J. Super. Ct. App. Div. 2011) (quoting *Driscoll Const. Co., Inc. v. State, Dept. of Transp.*, 371 N.J. Super. 304, 313 (N.J. Super. App. Div. 2004)). A court may grant summary judgment on an issue of contract interpretation when "the contractual language being interpreted is subject to only one reasonable interpretation." *Emerson Radio Corp. v. Orion Sales, Inc.*, 253 F.3d. 159, 164 (3d Cir. 2001) (citing *Arnold M. Diamond, Inc. v. Gulf Coast Trailing Co.*, 180 F.3d. 518, 521 (3d Cir. 1999)). Additionally, under New Jersey law, when a plaintiff can "clearly [establish] that the debt was due and owing," granting summary judgment can be warranted. *Optopics Laboratories Corp. v. Sherman Laboratories, Inc.*, 261 N.J. Super. 536, 546 (N.J. Super. App. Div. 1993).

Here, an executed copy of the relevant agreements were submitted to this Court. The Note clearly provides for the acceleration of payment and interest in the event of a default:

> Payee may declare the entire outstanding principal amount payable hereunder or any renewal hereof, together with accrued interest, to be immediately due and payable, whereupon the same shall become immediately due and payable without presentment, demand, protest or notice of any kind, all of which are hereby expressly waived, anything herein to the contrary notwithstanding.

(Compl. Ex. C, at 2.) Further, the Note states that "from and during the continuance of an event of default, this Note shall bear interest at twelve percent (12%) per annum." (*Id.*)

As such, this Court does not find that there are genuine issues of material fact in dispute that would preclude summary judgment. Based on the foregoing, this Court finds that Plaintiff is entitled to summary judgment regarding the legal issues presented.

**CONCLUSION**

For the reasons set forth above, this Court **GRANTS** Defendants' Motion.

s/Susan D. Wigenton, U.S.D.J.

Orig: Clerk
cc: Madeline Cox Arleo, U.S.M.J.
      Parties